This is an action, instituted for the purpose of selling certain lands for reinvestment under the provisions of section 1590 of the Revisal.
The land ordered by the court to be sold for reinvestment was devised in item 1 of the last will and testament of Elvira O'Hagan, and said devise is in words as follows: "I give, devise, and bequeath to my children who shall survive me, if any, all my estate, real, personal, or mixed, of every kind and description to have and to hold unto them and the heirs of their bodies forever. And should they die without heirs of their body surviving them, then and in that event, I give, devise, and bequeath the same to all my brothers and sisters equally, share and share alike, and if any of my brothers and sisters shall die before my decease or the decease of my children, if I leave any, then and in that event it is my will and desire that the bodily heirs of such brother or sister shall have such a part of my estate as their parent would have taken, had they been living."
The testatrix left surviving her one child, Charles J. O'Hagan, Sr., one of the parties plaintiff, who is now living, and such estate as he has by reason of said devise in said property he has conveyed to his wife, the other plaintiff herein; and the said plaintiffs commenced this action against the defendants, who are brothers and sisters of the late Elvira O'Hagan, and the children of certain brothers and sisters, as fully set out in the complaint, and summons has been duly served upon all of the defendants as required by the statute, together with all persons who in any event may become interested in the property sought (199) to be sold upon the happening of any contingency, and these latter persons are duly represented by a guardian ad litem, who has filed an answer in the cause.
All parties who would be interested in said land, provided the plaintiff, Charles J. O'Hagan, Sr., should die without sisue [issue], have been made parties defendant, and have been duly served with process; and all parties who might hereafter become interested in said land upon the happening of said contingency have been made parties defendant and are represented herein by a duly appointed guardian ad litem.
Upon the filing of the answers, the court rendered a judgment directing the sale of the property, and from which the defendants appealed. *Page 161 
We have examined the record, and see no reason for disturbing the decree entered in the Superior Court.
The proceedings are regular, and have been prepared with great care, indicating patient investigation and a familiarity with the legal principles involved.
The decree is fully sustained by Springs v. Scott, 132 N.C. 548;Hodges v. Lipscomb, 133 N.C. 199, and Trust Co. v. Nicholson, 162 N.C. 257, and upon the authority of these cases the judgment is
Affirmed.
Cited: Smith v. Witter, 174 N.C. 620.